# EXHIBIT E

# New York State Bar Association

**NYSBA**    One Elk Street, Albany, New York 12207 • 518/463-3200 • http://www.nysba.org

Continuing Legal Education Program
CERTIFICATE OF PARTICIPATION

Lloyd Sokolow, Esq.
1356 Union St.
Schenectady, NY 12308-3036



Sponsor: New York State Bar Association
Committee on Continuing Legal Education

**Program Title:** Ethics and Professionalism - Albany Session
**Date:** May 27, 2003
**Location:** Latham

*This is a transitional program suitable for MCLE credit for newly-admitted and other attorneys.*

Eligible New York State MCLE Credit

| | |
|---|---|
| Total Hours | 4.00 |
| Ethics and Professionalism | 4.00 |

Acknowledged by:

Sponsor Representative
Terry J. Brooks, Director of CLE

***NOTE: You are required to keep this certificate for four years, in case you are asked to provide evidence of your participation in this program.***

*Do the Public Good • Volunteer for Pro Bono*

# EXHIBIT F

1

STATE OF NEW YORK

COUNTY OF ALBANY          COUNTY COURT

--------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

              - against -

LLOYD SOKOLOW and LIFESTART CLINICS, INC.,

                         Defendants.

--------------------------------------

                    SENTENCING

BEFORE:          HON. LARRY J. ROSEN,
                 Albany County Judge.

APPEARANCES:     For the People:

                 HON. ELLIOT SPITZER,
                 New York State Attorney General
                 BY: JOHN MILLER, ESQ.,
                 Assistant Attorney General.

                 For the Defendant:

                 O'CONNELL & ARONOWITZ, PC
                 100 State Street,
                 Albany, New York.
                 BY:  STEPHEN R. COFFEY, ESQ.,

                 Defendant in Person.

                    *   *   *   *

                 BETH MATTHEWS, Court Clerk.
                 WAYNE P. MARTIN, Sr. Court Reporter,
                 Third Judicial District.

                    TRANSCRIPT OF PROCEEDINGS in the
above-entitled matter commencing on April 18, 2000, in
and for the County of Albany, at the County Courthouse,
Albany, New York.

2

1          (People vs. Sokolow).

2          THE COURT:  Lloyd Sokolow.

3          We are presently on the record with regard to

4     the sentencing of Mr. Lloyd Sokolow pursuant to

5     pleas that were entered before me pursuant to AG-1

6     and AG-3. These were pleas of guilty that

7     Mr. Sokolow entered personally to a violation of

8     the Social Services Law, a class E non-violent

9     felony offense, and petty larceny charge, a class

10     A misdemeanor.

11          Also, the record should reflect that on

12     behalf of Lifestart Corporation the defendant

13     entered a plea of guilty on behalf of the

14     corporation to attempted grand larceny in the

15     second degree, a class D non-violent felony

16     offense.

17          Let the record reflect that Mr. Lloyd Sokolow

18     is in fact present before me at this time.

19          Mr. Sokolow, your date of birth is

20     November 3rd, 1949; is that correct?

21          THE DEFENDANT:  Yes, it is, sir.

22          THE COURT:  Mr. Sokolow is represented by the

23     law firm of O'Connell and Aronowitz; Mr. Stephen

24     Coffey of counsel is present at this time. And the

25     People of the State of New York are represented by

3

1       (People vs. Sokolow)

2       Assistant Attorney General John Miller, who is

3       present at this time.

4           According to my notes and records, the

5       aforementioned pleas of guilty were entered by

6       Mr. Sokolow, both personally and on behalf of the

7       corporation, on February 9th of the year 2000.

8       These pleas were in full and complete satisfaction

9       of any and all investigations that were pending by

10      the New York State Attorney General's Office

11      against Mr. Sokolow arising out of certain alleged

12      Medicaid fraud practices.

13          The understanding was as long as Mr. Sokolow

14      cooperated fully with the Department of

15      Probation-- which he has done-- appeared

16      appropriately for sentencing-- which he has done--

17      and stayed out of any additional criminal

18      difficulty-- which he apparently accomplished-- he

19      would be entitled at this time to be sentenced to

20      the time that he already served at the

21      correctional facility, together with a five-year

22      probationary term.

23          Also, the State of New York was demanding

24      somewhere in the neighborhood of two hundred

25      thousand dollars restitution in this matter. The

1              (People vs. Sokolow)

2       understanding was that in order for this plea

3       bargain to go forward at least half, or one

4       hundred thousand dollars, of the restitution would

5       have to have been made to the State of New York

6       prior to this sentencing.

7              I note for the record that Mr. Coffey has

8       provided to the Court-- and I will certainly ask

9       Mr. Miller to comment on this-- a letter last

10      month, indicating that in fact one hundred

11      thousand dollars restitution payment was made to

12      New York State by this defendant pursuant to the

13      plea negotiations.

14             I have carefully reviewed the presentencing

15      report. I am prepared to impose the plea bargain

16      understanding at this time. I will note for the

17      record that all parties were operating under the

18      presumption that the entertaining of this

19      probationary term was really in order to enforce

20      the restitution payment. All parties are

21      indicating to the Court that final restitution may

22      actually be made by this summer, as opposed to

23      during a 60-month period of probation.

24             I did, quite frankly, indicate to Mr. Coffey

25      and Mr. Miller that if full and complete

5

1                (People vs. Sokolow)

2        restitution is made to the State of New York

3        within the next few months, I will strongly

4        consider at that time whether or not there really

5        is any reason for the continuation of the

6        probationary term.

7                Mr. Coffey, of course you have an absolute

8        right to be heard before sentence is imposed. Do

9        you know of any legal cause why sentence should

10       not go forward?

11               MR. COFFEY:  No, your Honor.

12               THE COURT:  Any other comments you wish to

13       make?

14               MR. COFFEY:  Not at this time.

15               THE COURT:  Mr. Sokolow, you have an absolute

16       right to be heard before sentence is imposed upon

17       you. Anything you wish to state to the Court?

18               THE DEFENDANT:  No, your Honor.

19               THE COURT:  And do the People of the State of

20       New York, through the Attorney General, wish to be

21       heard, Mr. Miller, on any aspects of this matter?

22               MR. MILLER:  No, your Honor.

23               THE COURT:  In that case, pursuant to the

24       aforementioned pleas of guilty the defendant is

25       sentenced as follows: The defendant personally

1            (People vs. Sokolow)

2       entered pleas of guilty to a class A misdemeanor

3       petty larceny and a Social Services law felony, a

4       violation of Social Services law 366-D (2) (b)

5       (1), a class E non-violent felony offense.

6          With regard to those pleas of guilty the

7       defendant is actually going to be sentenced at

8       this time to the time he already served at the

9       correctional facility, if any, together with a

10      five-year probationary term. The three general

11      conditions and seven other conditions recommended

12      by the Department of Probation are hereby ordered

13      to be in fact the terms and conditions of this

14      defendant's probation.

15         I am serving Mr. Sokolow, through Mr. Coffey,

16      a copy of the orders and conditions of probation,

17      noting for the record that the defendant had an

18      opportunity to review those with Mr. Coffey prior

19      to the sentencing being placed on the record.

20         Also, I note for the record that the

21      defendant's primary County of residence, according

22      to the Department of probation, is in fact

23      Schenectady County. Therefore, I'm signing an

24      order of intrastate transfer of probation

25      supervision, transferring the supervision of this

7

(People vs. Sokolow)

defendant's probation to Schenectady County, but

I'm retaining the powers and duties with regard to

the jurisdiction of this matter.

Now, there also is the matter of the plea of

guilty entered to the attempted grand larceny by

the corporation. With regard to that plea of

guilty the corporation is given a conditional the

discharge and $155 felony surcharge. The felony

surcharge is due and payable at the Albany County

Court Clerk's Office by April 1st-- excuse me-- by

May 1st of this year.

That does conclude the sentencing.

MR. COFFEY:  Thank you, your Honor.

8

STATE OF NEW YORK

ALBANY COUNTY COURT

-----------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

       - against -           CERTIFICATE

LLOYD SOKOLOW and LIFESTART CLINIC, INC.,

Defendant.

-----------------------------------

        I, WAYNE P. MARTIN, Senior Court Reporter, Third Judicial District, do hereby certify that the foregoing is a true and accurate transcript of the proceedings reported stenographically by me in the above matter held before HON. LARRY J. ROSEN, Albany County Judge, at Albany, New York, commencing on April 18, 2000.

                ----------------------------------

# EXHIBIT G

# Union College
## Schenectady NY

Graduate Record

Page: 1 of 1

| Name | ID. |
|---|---|
| Lloyd Sokolow | 1801727 |
| Previous College | Degree Awarded |
| | Degree Awarded |
| Birthdate | Print date 07/10/2003 |

Matric Date 05/18/2001
Program GRDN

Major: Business Administration
Major: Private Sector
For Degree Information
Refer Below

| Course | Description | Grade | Credits Att | Earned | Qual Points |
|---|---|---|---|---|---|
| | Advanced Placement | | | 0.5 | |
| | Introduction to Probability | | | 1.0 | |
| | Statistical Models for Mgmt | | | 1.0 | |
| | Legal Principles of Business | | | 1.0 | |
| | Managing People & Teams in Org | | | | |
| | Total Units Transferred | | | 3.5 | |
| | | | | | |
| | Fall Term '01 (09/03/2001 - 11/16/2001) | | | | |
| GMI 225 | Marketing Management and Strat | A- | 1.0 | 1.0 | 3.70 |
| GMI 200 | Managing Ethically: Global Env | B+ | 1.0 | 1.0 | 3.30 |
| | TERM | GPA | | GPA | 3.500 |
| | CUM | GPA | | GPA | 3.500 |
| | CUM ERN 5.5 ATT 2.0 QP 7.00 | | | | |

UNOFFICIAL TRANSCRIPT

Registrar _____  Date _____

Explanatory Notes

This transcript is neither valid with the signature of the Registrar and the embossed seal of the College.

This transcript official only if it contains the signature of the Registrar and the embossed seal of the College.

Honorable dismissal granted unless indicated to the contrary.

# EXHIBIT H

# Lloyd Sokolow J.D., Ph.D.

2183 Grand Blvd.
Niskayuna, NY 12309
(518) 346-0956
Lpilotus@Yahoo.com

## OBJECTIVE

To practice law in the State of Connecticut

## HIGHLIGHTS OF QUALIFICATIONS

Combined law and psychology to practice health law, to provide research to governmental bodies and the establishment and administration of not-for-profit and not for profit addiction treatment facilities.

## PROFESSIONAL EXPERIENCE

### SOKOLOW & ASSOCIATES, NISKAYUNA, NY, 2000-PRESENT

Provide consulting services in the areas of human relations, training and productivity enhancement.

### Lifestart Clinic, Inc., Saratoga Springs and Schenectady, New York, President, 1986 - 2000

Founder and executive director of Northeast New York's first dually certified alcohol and substance Abuse outpatient clinic.

### State of Maryland Alcohol and Drug Abuse Administration, Baltimore, Maryland
### State Director, 1988 - 1989

First director of combined state alcohol and drug authority with responsibility for $38 million budget that funded or certified 278 ambulatory and residential programs treating an estimated 50,000 persons annually.

### Institute of Living, Hartford, Connecticut
### Director of Chemical Dependency Unit, 1983 - 1986

Established the hospital's first program for chemically dependent patients and established contracts with an HMO evaluating and managing the substance abuse treatment needs of 75,000 subscribers.

**State of New York Division of Alcoholism, Albany, New York**

**Research Scientist, 1976 - 1979**

As a member of The Governor's Alcohol and Highway Safety Task Force revised treatment and sanctions for drinking and driving offenses.

**Research Institute on Alcoholism, Buffalo, New York**

**Research Scientist, 1976 - 1979**

As a member of a research team which examined state-funded treatment to determine continued government funding.

## VOLUNTEER ACTIVITIES

**Habitat for Humanity, Schenectady, New York**

**Volunteer, 2001**

Aided this organization that provides affordable housing to the economically disadvantaged.

**Public Access TV-Channel 16, Schenectady, New York**

**Volunteer, 2001**

Production assistant

**Commission on Quality of Care-Surrogate Decision Making Committee, Albany, New York**

**Attorney, 1991 - 2000**

Attorney committee member of governmental organization that was legally authorized to make decisions regarding medical procedures for mentally ill and developmentally disadvantaged individuals with no legal guardian.

**Schenectady County Community Service Board, Schenectady, New York**

**Board Member and President (1991), 1982 - 1992**

Served on the county board that had oversight and coordination of governmentally funded social service agencies.

**Connecticut Bar Association-Lawyer's Concerned for Lawyer's Committee,**

**Committee Member, Chair (1986), 1985 - 1986**

Developed and received funding from the CBA for a hot line for attorneys and concerned others who had alcohol abuse problems and received funding.

**Town of Knox, Knox, New York**
**Town Attorney, 1980 - 1991**
Provided legal counsel and representation to the Town Board, Planning Board, Zoning Board of Appeals and Real Property Assessor's Office.


**EDUCATION**
**University of Buffalo, Buffalo, New York**
**B.A., Psychology and English (Honors), 1971**
Regent's Scholar


**University of Buffalo, Buffalo, New York**
**M.S., Social Science, Minor: Psychology, 1973**
University Fellow


**University of Buffalo, Buffalo, New York**
**J.D., 1978**
Awarded The Baldy Fellowship which funded a study of the sentencing practices of 10,000 defendants by 13 Buffalo City Court Judges.


**University of Buffalo, Buffalo, New York**
**Ph.D., Counselor Education (Psychology), 1979**
This doctoral program was a joint Ph.D.-J.D. program that combined law and the social sciences.